**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARKADIY IREMASHVILI, | : | |
| Petitioner, | : | Civil Action No. 15-6320 (CCC) |
| v. | : | **OPINION** |
| WARDEN ORLANDO RODRIGUEZ, *et al.*, | : | |
| Respondents. | : | |

**CECCHI, District Judge**:

Presently before the Court is a Petition for Writ of Habeas Corpus ("Petition") by Petitioner Arkadiy Iremashvili ("Petitioner") pursuant to 28 U.S.C. § 2241. Petitioner is challenging his detention by immigration officials without a bond hearing. At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b) ("Habeas Rule"), to determine if the Petition should be dismissed because Petitioner is not entitled to relief. Also before the Court is Petitioner's Application for an Order to Show Cause ("Application"). ECF No. 1-1. For reasons stated below, the Court denies the Application, and allows the Petition to proceed.

### I.   FACTUAL BACKGROUND

Petitioner is a citizen of the Republic of Georgia who has been in the United States continuously since April 13, 2012. Pet. 3, ECF No. 1. Petitioner was admitted into the country on a B1 business visitor visa that expired on October 12, 2012. *Id.* at 5. His visa status was adjusted to that of a B2 visitor for pleasure, with a new expiration date of April 12, 2013. *Id.*

Petitioner admits that he then stayed in the country beyond the expiration date without authorization from the Department of Homeland Security. *Id.* On August 11, 2014 and September 4, 2014, Petitioner pleaded guilty to two separate counts of receiving stolen property in the Superior Court of New Jersey, and was sentenced to non-custodial probation and time served. *Id.* at 4. In sum, Petitioner served 352 days of jail time. *Id.*

On September 9, 2014, Petitioner was detained by immigration officials, and placed into removal proceedings for admission that he was in the country illegally. *Id.* at 4-5. On August 4, 2015, an immigration judge issued an order of removal against Petitioner. *Id.* at 6. On August 10, 2015, Petitioner appealed the removal order to the Board of Immigration Appeals. *Id.* It is presumed that said appeal is currently pending. Petitioner alleges that he has been in continuous detention since September 9, 2014, without having been afforded an individualized bond hearing. *Id.* at 9.

## II.   STANDARD OF REVIEW

This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the Department of Homeland Security at the time he filed his Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and he asserts that his detention violates federal law and his constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Habeas Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III. DISCUSSION

After reviewing the Petition, the Court finds that dismissal pursuant to Rule 4 is not warranted at this time.[1] As such, the Court will direct Respondent to respond to the Petition.

With regard to the Application, Petitioner argues that 28 U.S.C. § 2243 requires the Court, in response to the Petition, to either award a writ of habeas corpus, or to issue an order directing Respondent to show cause why a writ should not be granted. Section 2243 states, in relevant parts:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243. Based on this language, Petitioner argues this Court must immediately issue an order to show cause and direct Respondent to file a return within one week. Application 5.

However, § 2243 is not the only statute governing a habeas petition. In addition to the aforementioned actions authorized by § 2243, this Court is also authorized by Rule 4 to order

---

[1] The Court hereby dismisses all Respondents other than Warden Orlando Rodriguez from the case. "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

3

Respondent to file an answer. Habeas Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."). Federal procedural rules, which are promulgated by the U.S. Supreme Court and approved by Congress, have the force of statute. *See* 28 U.S.C. § 2072; *Sempier v. Johnson & Higgins*, 45 F.3d 724, 736 (3d Cir. 1995); *United States v. Christian*, 660 F.2d 892, 899 (3d Cir. 1981). Indeed, § 2072 explicitly states that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b). "Where a Rule of Civil Procedure conflicts with a prior statute, the Rule prevails." *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 589 n.5 (1947); *see also Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 849 (7th Cir. 2012); *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 448 (2d Cir. 2007). Here, there is no question that Rule 4, adopted in 1976, would supersede § 2243, enacted in 1948, if a conflict exists between the two.

The Court finds, with regard to Petitioner's contention that the Court is required to issue a show-cause order within the strict time requirements under § 2243, to the extent there is a conflict between Rule 4 and § 2243, Rule 4 prevails. The Rule 4 advisory committee notes expressly address the interplay between Rule 4 and § 2243:

> In the event an answer is ordered under rule 4, the court is accorded greater flexibility than under § 2243 in determining within what time period an answer must be made. Under § 2243, the respondent must make a return within three days after being so ordered, with additional time up to forty days allowed under the Federal Rules of Civil Procedure, Rule 81(a)(2), for good cause. In view of the widespread state of work overload in prosecutors' offices, additional time is granted in some jurisdictions as a matter of course. Rule 4, which contains no fixed time requirement, gives the court the discretion to take into account various factors such as the respondent's workload and the availability of transcripts before determining a time within which an answer must be made.

Habeas Rule 4 advisory committee's note to 1976 adoption. While at least one court has rejected the advisory committee notes as binding, see *In re Habeas Corpus Cases*, 216 F.R.D. 52, 53-54

(E.D.N.Y. 2003), nevertheless, the intent of the drafters, embodied in legislative history and committee notes, are often paramount as a standard tool of statutory construction. *See Garcia v. United States*, 469 U.S. 70, 76 (1984) ("In surveying legislative history we have repeatedly stated that the authoritative source for finding the Legislature's intent lies in the Committee Reports."); *Wheeling-Pitt. Steel Corp. v. United Steelworkers of Am. AFL-CIO-CLC*, 792 F.2d 1074, 1086 (3d Cir. 1986) ("[T]he most authoritative source of legislative intent lies in committee reports.").

Under Rule 4, there is no absolute time limit that must be placed upon a respondent to file an answer. The *In re Habeas* court construed the lack of a time requirement in Rule 4 as an indication that the time limits expressed in § 2243 are still controlling, even when a court follows the procedures adopted in Rule 4. *In re Habeas*, 216 F.R.D. at 54 ("These provisions can be read and implemented in concert so that the maximum time allowable for the return is twenty days."). However, this Court is unaware of any recognized method of statutory construction where the time limit set forth by one statute should somehow be imported into a wholly separate statute, simply because the two statutes address the same subject matter. Indeed, as the advisory committee notes make clear, that is *not* the intent of Rule 4; Rule 4 is intended to adopt no set time limit at all, giving discretion to courts to establish their own time limits as appropriate. The lack of a time limit in Rule 4 does not operate as a mandate upon this Court to apply the time limits of § 2243— a lack of time limit is just that, a lack of time limit. *See Lamie v. U.S. Trustee*, 540 U.S. 526, 538 (2004) (cautioning courts not to change the scope of statutes by reading absent words into a statute—"[t]here is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted").[2]

---

[2] The *In re Habeas* court, ultimately, did not adopt the time limits in § 2243, citing the impracticalities, and perhaps the impossibility, of doing so given modern judicial systems and norms. *In re Habeas*, 216 F.R.D. at 54-55. As the advisory committee notes show, these are the

5

In light of the conflict between § 2243's strict time requirements and Rule 4's grant of discretionary time limits, the Court finds that Rule 4, the later-enacted statute, controls. As such, the Court is not obligated to issue a show-cause order as Petitioner alleges; indeed, the common practice for courts in this District is to order respondents to answer within 45 days. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 2400780, at *1 (D.N.J. May 18, 2015); *Diarrassouba v. United States*, No. 12-2257, 2014 WL 2436144, at *2 n.7 (D.N.J. May 30, 2014); *Mitts v. Zickefoose*, No. 11-6679, 2011 WL 6140549, *8 (D.N.J. Dec. 5, 2011). The Court will do so here, and orders Respondent to file an answer within 45 days of the date of entry of the accompanying Order.

## IV.   CONCLUSION

For the reasons set forth above, Petitioner's Application for an Order to Show Cause is DENIED. Respondent shall file an answer within 45 days of the date of entry of the accompanying Order.

**Claire C. Cecchi, U.S.D.J.**

Dated:   March 8, 2017

---

exact reasons and concerns that led to the adoption of Rule 4. The Court recognizes and understands the frustration expressed by the *In re Habeas* court with regard to what is typically a lengthy process in adjudicating habeas petitions. *Id.* at 53. Nonetheless, "[i]t is our function to give the statute the effect its language suggests, however modest that may be; not to extend it to admirable purposes it might be used to achieve." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 270 (2010).

6